# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| ELMER LEE JEFFERSON, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 1:08-CV-7 CAS |
| REBECCA D. BURKE, et al., | ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of Elmer Lee Jefferson, an inmate at Dunklin County Justice Center, for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that plaintiff does not have any funds in his prison account and cannot pay an initial filing fee. See 28 U.S.C. § 1915(b)(4). Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C.

§ 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates that he has no funds in his account. As a result, plaintiff will be allowed to proceed without payment of any filing fee. 28 U.S.C. § 1915(b)(4).

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

A court may determine that an action or allegation is "malicious" by referring to objective factors such as the circumstances and history surrounding the filing, the tone of the allegations, and whether probative facts vital to the life of the lawsuit have been alleged. Spencer v. Rhodes, 656 F. Supp. 458, 463 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987). An action is malicious when it is undertaken for the purpose of harassing litigants and not for the purpose of vindicating a cognizable right. Id. at 461-63.

2

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The Complaint**

Plaintiff brings this action under 42 U.S.C. § 1983. Named as defendants are Rebecca Burke (Public Defender), Bob Holder (Sheriff, Dunklin County, Missouri), Rod Hargrove (Jail Administrator), Stephen Sokoloff (Prosecutor), Joe Hoffmeister (Superintendent, Missouri Department of Corrections, Eastern Reception Diagnostic and Correctional Center), Jim Moore (Superintendent, Northeast Correctional Center), Alan Cambel (Police Officer, Kennett, Missouri), Brandon Moore (same), Stephen Sharp (Judge, Dunklin County, Missouri), John Spielman (same). Plaintiff alleges that he was wrongfully arrested and that he is being wrongfully detained. Plaintiff seeks monetary damages and an order directing defendants to release him from custody.

**Discussion**

To the extent that plaintiff is seeking to challenge the validity of his confinement, the complaint is not cognizable under § 1983. Challenges to the validity of confinement must be brought under 28 U.S.C. § 2254.

"[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." Polk County v. Dodson, 454 U.S. 312, 325 (1981). As a result, the complaint fails to state a claim upon which relief can be granted against defendant Burke.

The complaint is frivolous as to defendants Sokoloff, Sharp, and Spielman because they are immune from suit. Penn v. United States, 335 F.3d 786, 789 (8th Cir. 2003) (judicial immunity); Brodnicki v. City of Omaha, 75 F.3d 1261, 1266 (8th Cir. 1996) (prosecutorial immunity).

The complaint is silent as to whether defendants are being sued in their official or individual capacities. Where a "complaint is silent about the capacity in which [plaintiff] is suing defendant, [a district court must] interpret the complaint as including only official-capacity claims." Egerdahl v. Hibbing Community College, 72 F.3d 615, 619 (8th Cir.1995); Nix v. Norman, 879 F.2d 429, 431 (8th Cir. 1989). Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official. To state a claim against a municipality or a government official in his or her official capacity, plaintiff must allege that a policy or custom of the municipality is responsible for the alleged constitutional violation. Monell v. Department of Social Services, 436 U.S. 658, 690-91 (1978). The instant complaint does not contain any allegations that a policy or custom of a municipality was responsible for the alleged violations of plaintiff's constitutional rights. As a result, the complaint fails to state a claim upon which relief can be granted.

Finally, the circumstances and history surrounding the filing of this action show that the complaint is malicious. Spencer, 656 F. Supp. at 463. Plaintiff has filed several lawsuits against the named defendants, including those defendants with judicial and prosecutorial immunity. See Jefferson v. Smith, 1:07-CV-33 TCM (E.D. Mo.); Jefferson v. Sokoloff, 1:06-CV-189 LMB (E.D. Mo.); Jefferson v. Sokoloff, 1:06-CV-171 LMB (E.D. Mo.); Jefferson v. Holder, 1:04-CV-175 LMB (E.D. Mo.). Each of plaintiff's previous cases were dismissed as frivolous, with notice to plaintiff that the judicial and prosecutorial defendants are immune from suit. See, e.g., Jefferson v. Sokoloff, 1:06-CV-171 LMB (E.D. Mo.) (Order dated Jan. 19, 2007). Plaintiff's history of filing frivolous lawsuits

4

against the judges and other actors involved in his several criminal prosecutions shows that plaintiff has filed this case to harass those individuals charged with enforcing the laws of the State of Missouri. This is not a proper purpose for bringing a case in federal court, and this action should be dismissed as malicious.

For each of these reasons, this action will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). Plaintiff's motion for to supplement his complaint will be denied, as the documents plaintiff has submitted neither correct the defects discussed above nor state a claim upon which relief can be granted.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis is **GRANTED**. [Doc. 2].

**IT IS FURTHER ORDERED** that plaintiff's motion to supplement the complaint is **DENIED**. [Doc. 6]

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

/s/ Charles A. Shaw
_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  13th  day of February, 2008.